# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIO ESTRADA, | ) | 1:12-cv-00184-JLT HC |
|     Petitioner, | ) ) | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS |
| v. | ) ) | CORPUS; ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| DOMINGO URIBE, JR., Warden, | ) ) | ORDER DIRECTING CLERK OF THE COURT TO ASSIGN CASE TO U. S. DISTRICT |
|     Respondent. | ) ) | JUDGE |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 3, 2012, Petitioner filed his petition for writ of habeas corpus in this Court in the United States District Court for the Southern District of California. (Doc. 1). On February 9, 2012, the case was transferred to this Court. (Doc. 4).

    Petitioner raises the following grounds for relief: (1) Petitioner was improperly "validated" as a prison gang member, in violation of Respondent's own rules and regulations, and placed Petitioner in the Secure Housing Unit ("SHU"); (2) the state courts' denial of Petitioner's habeas corpus petitions failed to consider Petitioner's liberty interest in remaining in the general prison population and not in the SHU. Petitioner does not challenge either the fact or duration of his 1996 conviction or sentence.

///

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. The Ninth Circuit has also found that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the length or duration of confinement,  a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that Respondent violated his constitutional rights by improperly "validating" Petitioner as a member of a prison gang, in violation of Respondent's own rules and regulations, removing Petitioner from the general prison population, and confining him in the SHU. Petitioner does not challenge either his underlying conviction or his sentence.

Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement.  Hence, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## ORDER

For the foregoing reasons, it is HEREBY ORDERED that the Clerk of the Court assign this case to a United States District Judge.

## RECOMMENDATIONS

For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for failure to state a claim upon which habeas corpus relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 21, 2012                    /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE